IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SULLIVAN, | ) |
| | ) |
| Petitioner, | ) 2:20-cv-384 |
| | ) |
| vs. | ) |
| | ) Hon. J. Nicholas Ranjan |
| MARK CAPOZZA, S.C.I. FAYETTE SUPT., DISTRICT ATTORNEY OF JEFFERSON COUNTY, and ATTORNEY GENERAL OF PENNSYLVANIA, | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Christopher Sullivan's Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Currently before the Court is ECF 12, a Report & Recommendation filed by Judge Kelly on May 5, 2023, recommending that the Court deny ECF 1, Petitioner Christopher Sullivan's Petition for Writ of Habeas Corpus. The parties were notified that, pursuant to 28 U.S.C. § 636(b)(1), objections to the Report & Recommendation were due by May 19, 2023 (for ECF users) and May 22, 2023 (for non-ECF users). On May 18, 2023, Petitioner filed a motion for extension of time to file objections, which Judge Kelly granted, setting June 22, 2023, as the new deadline to file objections. Petitioner filed objections on June 23, 2023. ECF 15. Respondents filed a response to Petitioner's objections on September 9, 2023. The Court reviews the Report & Recommendation *de novo*.

Mr. Sullivan raised two grounds for relief in his habeas petition. ECF 1. First, "[t]he State court's decision regarding Petitioner's claim that trial counsel failed to provide full consultation on decision to plead guilty violated clear federal law." ECF 12, p. 5. Second, "PCRA counsel provided ineffective assistance by failing to do any investigation into the matters." *Id.*

Mr. Sullivan makes the following main arguments in his objections: (1) that Judge Kelly did not consider his arguments (set forth in a memorandum which he attached to his objections); (2) that Judge Kelly did not grant his motion to expand the record; (3) that his PCRA counsel was ineffective; and (4) that so-called "package deal" plea bargains must be handled with special care. *See* ECF 15. After careful consideration, the Court overrules Mr. Sullivan's objections.

Beginning with Mr. Sullivan's first two objections, which are procedural, the Court overrules those objections. If Judge Kelly did not consider Mr. Sullivan's memorandum, that is a harmless error, because the undersigned judge has reviewed it and considers it now on *de novo* review.[1] Additionally, there is no basis to expand the record. As Respondents correctly note, Mr. "Sullivan's failure to develop the state court record before the PCRA court prohibits him from supplementing the record now with facts that existed during state court proceedings. *Shinn*, 142 S. Ct at 1731[-]34; *Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 721-23 (3d Cir. 2022)." ECF 17, p. 11 n.3.

As to Mr. Sullivan's third objection, Judge Kelly was right in finding that ineffectiveness of PCRA counsel is not cognizable on habeas. It is clear that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence

---

[1] Mr. Sullivan alleges that he "mailed a Memorandum of Law in Support of Habeas Relief promptly after the Commonwealth submitted their response to his habeas petition." ECF 17, p. 1. However, there is no record of this memorandum on the docket. Regardless, the Court now has the memorandum and has reviewed it and has considered all of Mr. Sullivan's arguments within that memorandum.

-2-

beyond the state-court record based on ineffective assistance of state postconviction counsel." *Shinn v. Ramirez,* 596 U.S. 366, 382 (2022). This is because "there is no constitutional right to counsel in state postconviction proceedings" and "a prisoner ordinarily must bear responsibility for all attorney errors during those proceedings" including "counsel's negligent failure to develop the state postconviction record." *Id.* at 383. Judge Kelly correctly applied clear Supreme Court precedent to this claim.

As to Mr. Sullivan's fourth objection, Judge Kelly correctly concluded that there is no governing Supreme Court precedent that requires more scrutiny for "package deal" plea agreements than for other plea agreements. ECF 12, p. 15 n.2 (recognizing the state court's decision not to apply circuit court precedent in the absence of United States Supreme Court precedent as correct). "Circuit precedent cannot refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme Court] has not announced." *Lopez v. Smith*, 574 U.S. 1, 7 (2014) (cleaned up). This is especially important here, in the context of package plea deals, because there is a circuit split on whether such pleas require "special care." *United States v. Hodge*, 412 F.3d 479, 489, n.13 (3d Cir. 2005) (collecting cases and showing that some circuits require special care while others do not). The circuit court cases that Mr. Sullivan cites are not merely interpreting Supreme Court jurisprudence, but are instead developing a new rule. Judge Kelly correctly concluded that the state court's decision was not contrary to clearly established federal law as established by the United States Supreme Court. ECF 12, p. 18.

Finally, the Court also agrees with Judge Kelly that a certificate of appealability should be denied as to both of Mr. Sullivan's claims in his petition.[2]

---

[2] Mr. Sullivan also objects to Judge Kelly's dismissal of his double jeopardy claim, but the Court agrees with Judge Kelly's analysis of that claim. The state court found the double jeopardy claim to be meritless, and this Court agrees and does not otherwise find that the state court's decision was an unreasonable application of the facts or

-4-

**AND NOW**, this 29th day of November, 2023, it is **ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.  The Report & Recommendation is adopted as the opinion of the Court.  The Clerk of this Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

any clearly established federal law.  ECF 12, p. 18.  As Judge Kelly correctly noted, counsel is not ineffective for failing to raise a meritless claim.  *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).